**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| DREW KELLER, | : | |
| Plaintiff, | : | CIVIL ACTION |
| vs. | : | |
| | : | NO. 1:16-cv-3202 |
| MIDWEST FIDELITY SERVICES, LLC, | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff DREW KELLER (hereinafter referred to as "Plaintiff" and/or "KELLER"), by and through his attorney, Duran L. Keller, Esq., as and for his Complaint against MIDWEST FIDELITY SERVICES, LLC ("Midwest" and/or "Defendant"), respectfully allege as follows:

### INTRODUCTION

1. This is a civil action brought for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA") and negligence.

2. The FDCPA, which became effective in March of 1978, prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

3. The FDCPA applies to the collection of debt incurred by a consumer primarily for personal, family, or household purposes.

### JURISDICTION

4. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d).

5. Jurisdiction of this court arises under 28 U.S.C. § 1337.

6. Jurisdiction of this court arises under 28 U.S.C. § 1367.

7. Declaratory relief is available pursuant to 28 U.S.C. § 2201.

8. Declaratory relief is available pursuant to 28 U.S.C. § 2202.

9. Venue in this District is proper under 28 U.S.C. § 1391(b)(1).

10. Defendant transacts business in this judicial district.

1

11. Venue in this District is proper under 28 U.S.C. § 1391(b)(2).

12. A substantial part of the events giving rise to this claim occurred in this judicial district.

## PARTIES

### Plaintiff DREW KELLER

13. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. Plaintiff is a natural person.

15. Plaintiff is domiciled in this judicial district.

16. Plaintiff was allegedly obligated to pay a debt to Defendant Midwest Fidelity Services, LLC.

### Defendant MIDWEST FIDELITY SERVICES, LLC

17. Midwest is a Kansas limited liability company.

18. Midwest is organized and existing under the laws of the State of Kansas.

19. Midwest's Business Entity ID Number with the Kansas Secretary of State is 6638811.

20. Midwest's agent for service of process is Mike Powell.

21. Midwest's principal place of business is located at 103 S. Main Street, Ottowa, Kansas 66067-8503.

22. Midwest is engaged in the business of collecting debt within multiple states.

23. Midwest is engaged in the business of collecting debt within the State of Indiana.

24. Midwest is a business entity that uses instrumentalities of interstate commerce or the mails, the principal purpose of which is the collection of debts.

25. Midwest regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

26. Midwest is engaged in the collection of debts from consumers using the mail.

27. Midwest is engaged in the collection of debts from consumers using the telephone.

2

28. Midwest is engaged in the collection of debts from consumers using electronic mail.

29. Midwest is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

30. Midwest may be served process via its registered agent, Mike Powell, 5 Stubblefield Lane, Ottowa, Kansas 66067.

31. Midwest has been served with the summons and complaint in this action.

## FACTUAL ALLEGATIONS

32. On November 14, 2016, Midwest contacted Casandra Keller by phone ("the phone call") in an attempt to collect a debt from Plaintiff.

33. Casandra Keller is Plaintiff's wife.

34. The phone call was made by Caroline Bishop.

35. Caroline Bishop is an employee of Midwest Fidelity Services, LLC.

36. During the phone call, Midwest, through its authorized agent, Caroline Bishop, conveyed information regarding a debt to Casandra Keller.

37. During the phone call, Casandra Keller indicated that the debt discussed was not owed.

38. Casandra Keller indicated to Midwest that she disputed the debt during the phone call.

39. On November 14, 2016, Midwest contacted Casandra Keller by electronic mail.

40. On November 14, 2016, Midwest falsely represented the character, amount, or legal status of a debt.

41. On November 14, 2016, Midwest falsely represented the amount of a debt.

42. On November 14, 2016, Midwest falsely represented the legal status of a debt.

43. On November 14, 2016, Midwest attempted to collect $1,089.48 from Plaintiff.

44. On November 14, 2016, Midwest contacted Plaintiff's wife, Casandra Keller, by telephone through an agent working on behalf of Midwest.

45. On November 14, 2016, Midwest falsely represented the character, amount, or legal

3

status of a debt.

46. On November 14, 2016, Midwest falsely represented the amount of a debt.

47. On November 14, 2016, Midwest falsely represented the legal status of a debt.

48. On November 14, 2016, Midwest attempted to collect $1,089.48 from Plaintiff.

49. On November 14, 2016, Midwest contacted Plaintiff's wife, Casandra Keller, by telephone through an agent working on behalf of Midwest.

50. On November 15, 2016, Midwest contacted Casandra Keller by electronic mail.

51. On November 15, 2016, Midwest falsely represented the character, amount, or legal status of a debt.

52. On November 15, 2016, Midwest falsely represented the amount of a debt.

53. On November 15, 2016, Midwest falsely represented the legal status of a debt.

54. On November 15, 2016, Midwest attempted to collect $1,667.00 from Plaintiff.

55. On November 15, 2016, Midwest contacted Plaintiff's wife, Casandra Keller, by telephone through an agent working on behalf of Midwest.

56. On November 15, 2016, Midwest attempted to contact Plaintiff in an attempt to collect a debt.

57. On November 16, 2016, Plaintiff advised Midwest by phone not to contact him anymore and to contact his attorney, giving information for his attorney.

58. On or about November 17, 2016, Plaintiff disputed the alleged debt with Midwest by letter ("the Letter") dated November 17, 2016, sent by email and U.S.P.S. certified mail.

59. The Letter advised Midwest to cease communications with Plaintiff.

60. Midwest attempted to collect from Plaintiff a debt that was not owed by Plaintiff.

61. Midwest attempted to collect an alleged debt that was incurred for personal, family, or household use.

62. Midwest attempted to collect an alleged debt that was incurred for personal, family, or household use.

63. Midwest communicated information concerning Plaintiff that Midwest knew to be false.

64. Midwest used false representations to attempt to collect a debt from Plaintiff.

65. Midwest used false representations to attempt to collect a debt from Plaintiff.

66. Midwest used deceptive means to attempt to collect a debt.

67. Midwest made one or more false representations to obtain information concerning Plaintiff.

68. Midwest attempted to collect an amount of money from Plaintiff that is not expressly authorized by an agreement creating the alleged debt.

69. Midwest attempted to collect an amount of money that is not permitted by law.

70. Midwest attempted to collect an alleged debt that was time-barred.

71. Midwest attempted to collect an alleged debt that was paid.

72. Midwest failed to review its records to determine whether one or more alleged debts were valid and/or legally enforceable.

73. Midwest failed to operate its debt collection business as a reasonable and prudent debt collector in a similarly situation should.

74. Midwest had a duty to Plaintiff to act reasonably under the circumstances.

75. Midwest was negligent.

76. Midwest's actions and/or omissions constituted a conscious or reckless disregard and indifference to Plaintiff.

77. Midwest acted intentionally in pursing alleged debt when Midwest knew such alleged debt was not legally enforceable.

78. Midwest acted with malice, fraud, gross negligence, and/or oppressiveness in attempting

to collect and/or continuing to attempt to collect an alleged debt from Plaintiff.

79. As a result of Midwest's actions, Plaintiff sustained damages.

80. The negligent acts and omission of Midwest directly and proximately caused damages to

Plaintiff, including but not limited to mental anguish for which Defendant is liable.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff DREW KELLER respectfully requests that this Honorable

Court enter judgment in favor of Plaintiff and against Midwest Fidelity Services LLC as follows:

A.  Declaratory judgment that Defendant's conduct violated the FDCPA;

B.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount according to proof at

trial or judgment otherwise;

C.  Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

D.  Punitive damages;

E.  Costs of this action together with reasonable attorney fees pursuant to 15 U.S.C. §

1692k(a)(3); and

F.  For all such other and further relief that is just and proper.

## JURY DEMAND

Plaintiff DREW KELLER, pursuant to Fed. R. Civ. P. 38, hereby demands a jury trial on

all issues alleged herein.

Respectfully submitted,

Dated: Lafayette, Indiana                    s/ *Duran L. Keller*
      November 22, 2016                 Duran L. Keller, Esq. (#31743-79)
                                          **KELLER LAW**
                                          P.O. Box 1248
                                          Lafayette, Indiana 47902
                                          Telephone: (765) 444-9202
                                          Facsimile:   (765) 807-3388
                                          Email: duran@kellerlawllp.com
                                          *Attorney for Plaintiff Drew Keller*

6